# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE PONCE DEGRACIA,<br><br>  Defendant-Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent. | Case No. 09-CV-2934 W<br>90-CR-0977 W<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [DOC. 134] AND CERTIFICATE OF APPEALABILITY** |

On December 23, 2009, Petitioner Lawrence Ponce DeGracia, a federal prisoner proceeding *pro se*, started this habeas corpus proceeding under 28 U.S.C. § 2255. Respondent United States of America opposes. The Court decides the matter on the papers submitted and without oral argument. *See* CivLR 7.1 (d.1). For the reasons stated below, the Court **DENIES** the petition [Doc. 134] and **DENIES** a certificate of appealability.

I. **BACKGROUND**

Petitioner has three criminal cases arising out of the Southern District of California. First, in 1990, Petitioner was charged with drug offenses in Criminal Case No. 90CR0977. (*Gov. Opp'n.* [Doc. 138], 2:21-22.) On March 5, 1991, Petitioner entered a Tendered Plea Agreement that deferred entry of a guilty plea on the condition

that he not violate any federal, state or local law. (*Resp. to Gov. Opp'n.* [Doc. 139], Ex. 1 at 15:21-26.) The agreement also provided that if Petitioner successfully fulfilled these terms, the Government would move to vacate the plea and dismiss the superseding information. (*Id.*, 15:26-28, 16:1-4.)

After entering the Tendered Plea Agreement, Petitioner failed to appear at a hearing and was consequently indicted for Bail Jumping in Criminal Case No. 94CR0371. (*Gov. Opp'n.*, 2:22-23.) Petitioner remained a fugitive from 1994 to 2005, and continued violating federal law. (*Id.*, 2:23-24.)

In 2005, Petitioner was captured and indicted on drug trafficking and money laundering charges in Criminal Case No. 05CR1638. (*Gov. Opp'n.*, 2:24-25.) On June 25, 2007, Petitioner entered into a Plea Agreement, and agreed to plead guilty to one count of knowingly and intentionally conspiring with others to possess methamphetamine, a Schedule II controlled substance, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846. (*Plea Agree.* [Doc. 126], 1:24-28.) The parties also agreed that the Sentencing Guidelines should be computed to result in an adjusted offense level of 29 (*Id.*, 7:24), and that the parties would not recommend any departures, including any criminal history departures under USSG § 4A1.3 (*Id.*, 9:4-6). The parties further agreed that Petitioner should receive a mandatory minimum of 10 years in prison and a term of supervised release of at least 5 years. (*Id.*, 4:2-11).

On October 30, 2007, Petitioner's sentencing hearing was held and he was sentenced to 136 months imprisonment followed by 5 years of supervised release. (*Judgment* [Doc. 131], 2-3.) On December 23, 2009, Petitioner commenced the present section 2255 proceedings, and Respondent filed an opposition on June 30, 2010. On August 9, 2010, Petitioner filed a response.

## II.   DISCUSSION

Petitioner moves to vacate, set aside, or correct his sentence, alleging five grounds for relief: 1) that Petitioner was "deprived of prima facie Constitutional rights by the

1  unconstitutionality of U.S.C. 841 as applied to him;" 2) that the "court admitt[ed]
2  evidence . . . which had been banned by the statute of limitations;" 3) that "the district
3  court's failure to consider numerous errors in enhancing appellant rendered his sentence
4  unreasonable;" 4) that because his sentence is disproportionate to the crime, it violates
5  the Eighth Amendment; and 5) that the court "lost . . . subject matter jurisdiction of the
6  presentencing report investigation [because it] contains constitutional errors." (*Pet.*, 6-
7  7.) Respondent contends that Petitioner's claims of error are unfounded, and that he
8  waived his right to collaterally attack his sentence pursuant to the Plea Agreement. For
9  the following reasons, the Court finds that Petitioner waived his right to collaterally
10 attack his sentence and, therefore, need not evaluate Petitioner's claims.

11       Courts have repeatedly upheld the validity of appeal waivers finding that "public
12 policy strongly supports plea agreements." United States v. Navarro-Botello, 912 F.2d
13 318, 321 (9th Cir. 1990); see also Brady v. United States, 397 U.S. 742, 752 n. 10
14 (1970); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Courts will enforce
15 a petitioner's appeal waiver if (1) the waiver is knowingly and voluntarily made; and
16 (2) the waiver, by its terms, waives the right to appeal. United States v. Nunez, 223
17 F.3d 956, 958 (9th Cir. 2000).

18       First, a valid waiver requires that the petitioner agreed to its terms knowingly and
19 voluntarily. See id. A reviewing court looks to the circumstances that surround the
20 plea agreement's signing and entry to determine whether a defendant agreed to its terms
21 knowingly and voluntarily. See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir.
22 2000).

23       In the present case, Petitioner responds that his appeal waiver is not effective for
24 two reasons. Petitioner first asserts that a miscarriage of justice occurred which negates
25 his waiver of appeal. (*Resp. to Gov. Opp'n*, 12.) This argument is based on Petitioner's
26 contention that "the Government broke the spirit of the [Tendered Plea] Agreement
27 by prosecuting him and declaring him a fugitive from justice." (*Id.*, 12.)
28

However, the Tendered Plea Agreement required Petitioner to not violate any federal, state or local laws. Petitioner violated the agreement when he jumped bail and continued breaking the law. The Tendered Plea Agreement, therefore, is null and void, and Petitioner's claim that there has been a miscarriage of justice lacks merit.

Petitioner next argues that he did not knowingly and voluntarily agree to the terms of the Plea Agreement. (*Resp. to Gov. Opp'n.*, 2.) Specifically, Petitioner alleges that his regular attorney was replaced by new counsel at the last minute, and that his last minute appointed counsel did not explain the agreement to him. (*Id.*) In support of this claim, Petitioner cites the Tendered Plea Agreement.

Not only is the Tendered Plea Agreement null and void for the reasons discussed above, but it is also irrelevant to the current proceedings. Petitioner is attacking the sentence he received after entering into the June 25, 2007 Plea Agreement. And it is the 2007 agreement that includes the appeal waiver, not the Tendered Plea Agreement. (*See Plea Agree.*, 9:27-28, 10:1-12.) Thus, any change of counsel that might have occurred in connection with the Tendered Plea Agreement did not effect Petitioner's ability to knowingly and voluntarily agree to the terms of the 2007 Plea Agreement.

Moreover, a review of the docket confirms that there was no last-minute change in counsel with respect to the 2007 Plea Agreement. The docket establishes that Mr. Babcock was appointed as Petitioner's counsel two weeks after his arrest in September of 2005 (*See Minute Entries* [Doc. 92], 2), and the same Mr. Babcock signed Petitioner's Plea Agreement two years later (*See Plea Agree.*, 12:7-11). Mr. Babcock also represented Petitioner at his sentencing hearing a few months later. (*See Minute Entries* [Doc. 130].) Thus, there was no last minute change in counsel with respect to the 2007 agreement.

Furthermore, Petitioner's claim that he did not enter the Plea Agreement knowingly and voluntarily is contradicted by his sworn representations in response to this Court's questioning at the Rule 11 colloquy. (*Colloquy* [Doc. 138-2].) When questioned as to whether he had read and understood the Plea Agreement, and whether

he had discussed its terms with his attorney, Petitioner responded in the affirmative. (*Id.*, 5:20-25, 6:1.) Thus, the Court concludes that Petitioner knowingly and voluntarily agreed to waive his right to appeal or collaterally attack his sentence.

Second, a valid waiver must also explicitly state that Petitioner is waiving his right to appeal. See Nunez, 223 F.3d at 958. A reviewing court applies contract principles, including the parole evidence rule. See United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996). Under the parole evidence rule, a court enforces the contract's plain language and does not look to "extrinsic evidence. . . to interpret. . . the terms of an unambiguous written instrument." Wilson v. Arlington Co. v. Prudential Ins. Co. Of Am., 912 F.2d 366, 370 (9th Cir. 1990).

Here, the Plea Agreement explicitly states, in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this plea agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If the defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(*Plea Agree.*, 9:27-28, 10:1-12.) Thus, Petitioner agreed to waive his right to collateral attack so long as the Court did not impose a sentence longer than the high end of the offense level recommended by the Government.

Petitioner responds that "the sentencing judge further exceeded the maximum sentence in one of the pleas." (*Pet.*, 8.) But Petitioner pled guilty to a crime that carried a maximum penalty of life in prison. (*Plea Agree.*, 4:5.) Petitioner's sentence of 136 months imprisonment followed, by 5 years of supervised release, thus did not exceed the maximum sentence. Because the sentence did not exceed the high end of the

recommended offense level, the terms of his Plea Agreement bar this collateral attack. The Court is, therefore, prevented from granting the habeas relief requested herein.

### III. CONCLUSION AND ORDER

In light of the foregoing, the Court **DENIES** Petitioner's petition for writ of habeas corpus. [Doc. 134.]  Moreover, because reasonable jurists would not find the Court's assessment of the above issues debatable or wrong, the Court **DENIES** a certificate of appealability.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

DATED: January 27, 2011

_____
Hon. Thomas J. Whelan
United States District Judge